Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of a proposed popular name and ballot title for a proposed constitutional amendment. You have previously submitted a number of similar measures, each of which I have rejected due to ambiguous language contained in the text of your submissions. See Ops. Att'y. Gen.99-265; 99-322; 99-369; 99-393 and 99-430. You have made changes to the text of your measure and now propose the following popular name and ballot title for my certification:
 (Popular Name) EXEMPT FOOD ITEMS FROM STATE AND LOCAL GROSS RECEIPT SALES TAX (Ballot Title) AMENDMENT TO EXEMPT FOOD ITEMS FROM THE STATE AND LOCAL GROSS RECIEPT [SIC] SALES TAX; TO PROVIDE FOR THE EXCLUSION OF PREPARED RESTAURANT FOOD FROM THIS AMENDMENT; TO PROVIDE FOR THE EXCLUSION OF THE "ARKANSAS SOFT DRINK TAX ACT" FROM THIS AMENDMENT; TO PROVIDE FOR ANY FURTHER EXEMPTIONS OF ITEMS FROM THE "ARKANSAS SOFT DRINK TAX ACT"; TO PROVIDE FOR THE EXCLUSION OF ALCOHOLIC BEVERAGES FROM THIS AMENDMENT; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, he may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject your proposed popular name and ballot title due to a number of ambiguities in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguity. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b). I refer to the following ambiguities:
 1. Section 2 of your amendment provides that: "This amendment shall not effect [sic] any tax, and provisions of taxation within the jurisdiction of the State of Arkansas, and subdivisions thereof, on any prepared restaurant foods, prepared and served by a restaurant, or similar business in A.C.A. Section 26-75-601 through — 618, and the Arkansas General Assembly shall retain legislative authority to amend, or repeal the provisions of those codes." The intention of the last phrase of this sentence is ambiguous. The General Assembly, absent constitutional prohibition, always retains the authority to amend or repeal statutory provisions. The impact of this phrase on current law is therefore unclear. If it is you intention to exclude, from the operation of your amendment, any future modification of the statutory subchapter at issue, this intention must be more clearly expressed in your text. The current language does not fairly admit of this interpretation.
 2. Section 3(1) of your proposed amendment states that: "This amendment shall not effect [sic] any tax, and provisions of taxation within the jurisdiction of the State of Arkansas, and subdivisions thereof, on the provisions of the "Arkansas Soft Drink Tax Act." This ill-drafted provision is ambiguous. It states that your amendment shall not affect "any tax" and "provisions of taxation" "on the provisions of the" Soft Drink Tax Act. I assume it is your intention to state that your amendment will not affect gross receipts sales taxes on soft drinks, or the special tax levied in the Arkansas Soft Drink Tax Act, on soft drinks subject to that act. The current wording of your amendment is too unclear to fairly admit of this interpretation.
 3. Section 3(2) of your proposed amendment states as follows:" This amendment shall provide for the state and local gross receipt sales tax exemption of any further items excluded from the "Arkansas Soft Drink Tax Act." This sentence is ambiguous. I assume that it is your intention, in the area of "drinkable food items," (reading Section 1 and Section 3(1) together) to tie the exemption granted by your amendment to the exemptions in the "Arkansas Soft Drink Tax Act" as now or hereafter amended. The current language of your proposed amendment does not fairly admit of this interpretation. First, the language in § 3(1) states that" This amendment shall provide . . . for the . . . exemption." This indirect language is confusing and leads a reader to look elsewhere in the text of your amendment for the actual exemption. Second, the language used, if interpreted to give effect to your presumptive intention, exempts from gross receipts sales tax any items excluded from the Soft Drink Tax Act after passage of your amendment. It is unclear whether this language would also subject to gross receipts sales taxes any items included in the Soft Drink Tax Act after passage of your amendment.
 4. Section 4 of your proposed amendment states that: "This amendment shall not effect [sic] any tax, and provisions of taxation within the jurisdiction of the State of Arkansas, and subdivisions thereof, on any beverage defined as alcoholic by the authority of the state." The last phrase of this language is ambiguous. Does a state statute have to expressly define the beverage and state that it is alcoholic for the beverage to remain subject to sales tax? The language is unclear as to what is required for a beverage to be "defined as alcoholic by the authority of the state."
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General